IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Donald Johnson,

Debtor.

C/A No. 04-04397-JW

Chapter 13

ORDER

FILED APR 25 2006
United States Bankruptcy Court
Columbia, South Carolina

ENTERED APR 25 2006 KPD

This matter comes before the Court upon Motion for Relief from the Automatic Stay ("Motion") filed by Match Factors, Inc. ("Movant"). Movant seeks relief from the automatic stay in order to pursue a breach of contract action against the Debtor in state court. For the reasons set forth below, the Motion is granted.

Prior to the petition date, Debtor and Movant entered into a factoring agreement, which was attached to the Motion. Debtor believes that this agreement was superseded by an agreement between the Movant and an entity owned by Debtor; however, no evidence was presented at the hearing on the Motion that another agreement may be controlling. It therefore appears that Movant may have a claim against Debtor based upon the documents attached to the Motion.

Debtor filed this case on April 15, 2004. Debtor's initial schedules did not list the Movant as a creditor and Debtor's confirmed plan does not provide treatment for Movant's claim. Debtor amended his schedules on March 30, 2006, after Movant filed the Motion, to reflect that Movant may be owed a disputed debt.

Movant filed the Motion and seeks relief from the automatic stay on grounds that it is not adequately protected by Debtor's plan and that the debt is non-dischargeable under 11 U.S.C. §§ 523(a)(3) and 1328(a) because Debtor's confirmed plan does not provide for the debt of the Movant. Debtor acknowledges that the claim was not scheduled or treated in the plan and that Movant did not receive notice of this case, but Debtor argues that it is premature to grant the

Motion because Movant has not filed a claim, which has been disallowed. Debtor urges the Court to allow Movant to have an allowed late claim in this case. Despite Debtor's request to allow Movant's claim, the Court cannot allow the claim as, if it were filed, it would be late and would not qualify for any exception to late filed claims allowed by the Federal Rules of Bankruptcy Procedure. See In re Brunson, C/A No. 04-08574-W, slip op. (Bankr. D.S.C. Aug. 2, 2005).

Courts in other jurisdictions, including courts in this district, generally allow relief from the stay in order to allow a creditor to pursue a state court action against a debtor for a debt that is not dischargeable. See In re Wilson, 116 F.3d 87 (3rd Cir. 1997) (finding that cause exists to lift the stay and allow prosecution of an action for a nondischargeable debt in state court); Jones v. Arross, 9 F.3d 79 (10th Cir. 1993) (disallowing an untimely claim for debt not scheduled by a debtor's plan but holding that creditor would be entitled to stay relief to enforce the claim); In re Babbin, 164 B.R. 157 (Bankr. D. Colo. 1994) (holding that a creditor may be entitled to relief from stay to pursue a claim not scheduled by debtor); In re Brogden, 274 B.R. 287, 293 (Bankr. M.D. Tenn. 2001) (holding that creditor may seek relief from stay to liquidate unscheduled claim); In re Thomas, 51 B.R. 187 (Bankr. E.D. Va. 1985) (granting relief from stay to allow prosecution of a state court action against debtor). But see In re Morin, 29 B.R. 606 (Bankr. D.R.I. 1980) (denying stay relief for debt not provided for by plan where defense of state court action would be detrimental to the success of the plan). In reaching a determination as to whether the stay should be lifted, courts have balanced the hardship on the creditor if the stay remains in effect with the potential prejudice to the debtor and his estate if the stay is lifted. See In re Chirillo, 84 B.R. 120 (Bankr. N.D. Ill. 1988) (noting the need to balance the hardships in determining whether a nonscheduled creditor should be granted relief from the automatic stay).

This Court concurs with the majority of courts and believes that relief from stay is appropriate in this case. Movant's request fits within § 362(d)(1) in that Movant is not adequately protected by Debtor's plan and cause exists to lift the stay because Movant's debt is not treated in Debtor's confirmed plan. Movant did not have notice of the plan or of its right to file a proof of claim and Movant is not receiving payment on its claim. Debtor did not present sufficient evidence at the hearing on the Motion that relief would be detrimental to his estate or the success under his plan.

The Court therefore grants the Motion to a limited extent and allows Movant to prosecute its claim against Debtor in state court. Absent further Order of the Court, Match Factors, Inc. may not execute any judgment it obtains against property of Debtor's estate for so long as this property remains property of the estate or until Debtor's case is dismissed or Debtor receives a discharge.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 25, 2006